ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
VATANA LAY, ESQ.
Nevada Bar No. 12993
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: vatana.lay@akerman.com

*Attorneys for Plaintiff*
*Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> LORETTO BAY MASTER ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC, <br><br> Defendants. | Case No.: 2:16-cv-02190-RFB-CWH <br><br> **BANK OF AMERICA, N.A. AND ABSOLUTE COLLECTION SERVICES, LLC'S JOINT MOTION TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** |

Plaintiff Bank of America, N.A. (**BANA**) and defendant Absolute Collection Services, LLC (**ACS**) (collectively, the **parties**) respectfully move this Court for an order staying this case pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This case arises from Loretto Bay Master Association's (the **HOA**) September 17, 2013 non-judicial foreclosure sale. ECF No. 1, ¶ 3. BANA is the beneficiary of the senior deed of trust on the property. *Id.* at ¶ 2. BANA filed this action to obtain a judgment the HOA's foreclosure sale did not extinguish BANA's interest and any interest the HOA has in the property is subject to the senior deed of trust, or, alternatively, obtain damages for unjust enrichment and tortious interference with BANA's contract. *See id.* at Prayer.

{41138409;2}   1

On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding NRS 116 is facially unconstitutional.  Under the Ninth Circuit's ruling, BANA contends the HOA's foreclosure sale could not extinguish BANA's interest because the HOA conducted its sale under the same unconstitutional statute.  *See  e.g., Bank of New York Mellon Trust Co., N.A. v. Jentz*, No. 2:15-cv-01167-RCJ-CWH, 2016 WL 4487841, at *4 (D. Nev. Aug. 24, 2016) ("Unless and until [*Bourne Valley*] is vacated or reversed, pre-2015 HOA foreclosures under Chapter 116 cannot be found to have extinguished first deeds of trust[.]").  The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, *N.A.,* 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, no state action supported a challenge under the Due Process Clause of the United States Constitution.

The parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court.  Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is April 3, 2017.  *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753.  Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 25, 2017.  Thus, the parties believe the stay requested herein is appropriate.

On February 8, 2017, the Nevada Supreme Court stayed the issuance of the remittitur in *Saticoy Bay* pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

Several judges in this district have stayed similar cases pending exhaustion of all appeals before the United States Supreme Court. *See e.g., Nationstar Mortg. LLC v. Green Valley S. Owners Ass'n*, No. 2:16-cv-00883-GMN-GWF, ECF No. 38 (D. Nev. Oct. 5, 2016); *Bank of America, N.A. v.*

{41138409;2}                                                    2

*Canyon Willow Trop Owners' Ass'n*, No. 2:16-cv-01327-GMN-VCF, ECF No. 25 (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Tr. Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH, ECF No. 29 (D. Nev. Feb. 28, 2017).

### A.  The Stay Is Appropriate.

To determine if a continued stay is appropriate, the Court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors).  Here, these factors support a stay of litigation.

#### 1.  Damage from Stay.

Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings.  Indeed, the parties will be able to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least.  Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved.  Thus, a stay will benefit all parties involved herein.

#### 2.  Hardship or Inequity.

There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for all parties to have finality, given the split in the state and federal court decisions.  The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

#### 3.  Orderly Course of Justice.

At the center of this case is the HOA's foreclosure sale under NRS 116.  The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case.  Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted.  A stay would also avoid a likely appeal from any subsequent judgment in this case.  A temporary stay would substantially promote the orderly course of justice in this case.  A stay

{41138409;2}                                                   3

will avoid the moving forward without final resolution of the federal issues and the state court/federal court conflict.

WHEREFORE, BANA and ACS respectfully request the Court issue an order staying this litigation pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court.

DATED this March 10, 2017.

**ABSOLUTE COLLECTION SERVICES, LLC**

 */s/ Shane D. Cox.*
SHANE D. COX, ESQ.
Nevada Bar No. 13852
8440 W Lake Mead Blvd., Ste 210
Las Vegas, NV 89128

*Attorney for Absolute Collection Services, LLC*

**AKERMAN LLP**

 */s/ Vatana Lay*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
VATANA LAY, ESQ.
Nevada Bar No. 12993
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144

*Attorneys for Plaintiff Bank of America, N.A.*

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 6th day of April, 2017.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the March 10, 2017 I served a true and correct copy of the foregoing **BANK OF AMERICA, N.A. AND ABSOLUTE COLLECTION SERVICES, LLC'S JOINT MOTION TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT**, via the court's electronic filing system as follows:

**BOYACK ORME & ANTHONY**
EDWARD D. BOYACK
CHRISTOPHER B. ANTHONY
401 N. Buffalo Drive #202
Las Vegas, Nevada 89145
*Attorneys for Defendant*
*Loretto Bay Master Association*

                                             */s/ Tracey Wayne*
                                             An employee of AKERMAN LLP

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572