# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., Plaintiff,<br>v.<br>LORETTO BAY MASTER ASSOCIATION ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:16-cv-02190-RFB-DJA<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Bank of America, N.A.'s ("BANA") Motion for Partial Summary Judgment (ECF No. 27). For the following reasons, the Court grants BANA's motion.

## II. PROCEDURAL BACKGROUND

Plaintiff BANA filed its complaint against Defendants Absolute Collection Services LLC ("Absolute") and Loretto Bay Master Association ("Loretto" or "HOA") on September 16, 2016. ECF No. 1. BANA filed a notice of lis pendens on that same date. ECF No. 3 Absolute filed its answer on October 11, 2016. ECF No. 9. Loretto filed its answer on December 22, 2016. ECF No. 15. On April 6, 2017, the Court granted the parties' joint motion to stay litigation pending final resolution of petitions for writ of certiorari to the United State Supreme Court in the Bourne Valley and Saticoy Bay cases respectively. Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016), cert denied 137 S. Ct. 2296 (2017); Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., 388 P.3d 970 (Nev. 2017). ECF No. 20. On April 8, 2019, the

Court lifted the stay. ECF No. 26. BANA filed its motion for partial summary judgment on May 13, 2019. ECF No. 27. The motion was fully briefed. ECF Nos. 30, 31.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 50 Aura De Blanco Street, # 13103, Henderson, NV 89074 (the "property"). The property sits in a community governed by the HOA. The HOA requires its community members to pay HOA dues

Nonparties Jesus Ricardo Diaz and Alejandra Ines Rossignoli borrowed funds from listed CCSF, LLC dba Greystone Financial Group to purchase the property in 2007. To obtain the loan, Diaz and Rossignoli executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Diaz and Rossignoli as borrowers, CCSF, LLC dba Greystone Financial Group as lender and Mortgage Electronic Registration Systems, Inc., ("MERS") as beneficiary, was recorded on February 20, 2007. MERS subsequently assigned its interest under the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC). BANA became successor by July 1, 2011 de jure merger with BAC.

Diaz and Rossignoli fell behind on their HOA payments. From January 14, 2013 through September 2013, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and finally a notice of sale against the property. On September 17, 2013, a foreclosure sale occurred and on behalf of the HOA and sold the property to the HOA, which paid $4,900 for the Property as recorded on September 23, 2013.

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

However, Fannie Mae previously purchased the note and the deed of trust in March 2007. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure sale. At the time of the sale, BANA was the servicer of the loan for Fannie Mae. As of July 27, 2017, BANA remains the record beneficiary and Fannie Mae remains the owner of the loan.

The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the

Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The parties the legal effect of the circumstances described above.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the Court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim,

747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovksy v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017). Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932–33. The Court finds that the evidence establishes that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.

FHFA supports its claim that Fannie Mae acquired the loan on March 1, 2007 with a declaration from an assistant vice president at Fannie Mae, Graham Babin. ECF No. 88-1. Mr. Babin authenticates a printout from Fannie Mae's Servicer & Investor Reporting platform ("SIR"). The SIR system shows Fannie Mae acquired the loan on March 1, 2007. The printouts also clearly

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court declines to make any findings of fact or to otherwise address BANA's argument regarding tender.

that BANA has been the servicer of the loan throughout the period that Fannie Mae has owned the loan.

The Ninth Circuit has found that database records are admissible evidence to show that a government-sponsored-enterprise acquired a loan. Berezovsky v. Moniz, 869 F.3d 923, 932 n.8 (9th Cir. 2017); Elmer v. JPMorgan Chase & Co., 707 Fed. Appx. 426, 428 (9th Cir. 2017). Likewise, and most importantly, the Nevada Supreme Court has allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence Daisy Trust v. Wells Fargo Bank, N.A, 445 P.3d 846, 850 (Nev. 2019) (favorably citing Berezovsky). Thus the Court finds that FHFA has submitted admissible evidence of which there is no genuine dispute that shows that Fannie Mae lawfully acquired the loan and that BANA was its servicer.

Finally, the Court does not find there to be any evidence in the record that FHFA affirmatively consented to the sale. The Ninth Circuit is clear in its construing of 12 U.S.C. § 4617j(3) that it does not provide for implied consent to foreclosure sales. Berezovsky, 869 F.3d at 929.

Based on the forgoing, the Court grants summary judgment in favor of BANA and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all remaining claims as a result.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 27) is granted. The Court grants Plaintiffs' quiet title claim insofar as it finds that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would otherwise permit foreclosure of the HOA Lien, and that the HOA sale did not extinguish Fannie Mae's interest in the Property.

**IT IS FURTHER ORDERED** that Plaintiff's lis pendens (ECF No. 3) is expunged.

The Clerk of the Court is instructed to close the case.

DATED: November 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**